IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TILTON RHODES, SR.                                                          PETITIONER
ADC #136970

V.                           NO. 5:11CV00317 JMM/JTR

RAY HOBBS, Director,                                                       RESPONDENT
Arkansas Department of Correction

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Background

Petitioner, Tilton Rhodes, Sr., who is currently incarcerated at the Ouachita River Unit of the Arkansas Department of Correction, has filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. *Doc. #1*. Respondent has filed a Response, *Doc. #16*, and Petitioner has filed two Replies, *Docs. #19, #20*. Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the procedural history of the case.

In August 2006, Petitioner was tried before a circuit court jury in Drew County, Arkansas, on charges of rape and second-degree sexual assault. The victim, K.T., was the twelve-year-old daughter of Petitioner's girlfriend. *Resp't Ex. A at 142.*[1] At trial, K.T. testified that, when Petitioner was living with her mother and her in June and July 2004, he digitally penetrated K.T. ten or eleven times and, on two occasions, bit her breast. *Id. at 147-48, 152, 154.* K.T. testified that she told her mother, who did not believe her and wanted her to "flip it" and say she was molested by K.T.'s grandfather, not Petitioner, so that Petitioner "wouldn't get in trouble." *Id. at 154-56.* K.T. testified that her mother made her apologize to Petitioner and gave her two "whippings" for making accusations about him. *Id. at 150, 157.* Another minor, S.M., testified that Petitioner sexually assaulted her in 2002 or 2003, when she was visiting him on a weekend. *Id. at 186, 191.*

For his defense, Petitioner introduced the testimony of two of the victim's schoolmates, who testified that K.T. told them she was raped by her grandfather, not Petitioner. *Id. at 212, 217, 219.* Petitioner also testified in his own behalf, denying that he touched K.T. in a sexual way. *Id. at 226, 231-32, 238.* He testified that, at the time

---

[1]Resp't Ex. A is the four-volume transcript of Petitioner's pretrial, trial and sentencing proceedings. All of Respondents exhibits are attached to Doc. #17.

of the alleged rape of the state's witness, S.M., he was employed and living in St. Louis, Missouri. *Id. at 225-26, 229, 234-35.* Although he attempted to introduce paycheck stubs as proof that he was working in St. Louis, the trial court excluded the stubs as hearsay. *Id. at 224*. Petitioner's uncle testified that, from 2002 to early 2004, Petitioner lived in St. Louis. *Id. at 247, 249*. Petitioner and his uncle both testified that, while working in St. Louis, he sometimes came back to Arkansas on weekends. *Id. at 226, 234, 249.*

The jury convicted Petitioner of rape and second-degree sexual assault, and sentenced him to twenty years of imprisonment.

On direct appeal to the Arkansas Court of Appeals, Petitioner argued that the trial court erred, during the sentencing phase of his trial, by denying his motion for mistrial, which was based on the prosecutor urging the jury to sentence Petitioner to "twenty years, ten for each girl," an assertion that made it appear there was more than one victim involved in the charged offenses. *Resp't Ex. B1*. On April 2, 2008, the Arkansas Court of Appeals affirmed Petitioner's conviction, holding that the trial court did not err because its admonishing instruction to the jury removed any potential prejudice from the prosecutor's comment. *Rhodes v. State*, 281 S.W.3d 758 (Ark. Ct. App. 2008) (*Rhodes I*).

Petitioner then filed a petition for post-conviction relief in Drew County Circuit

Court.² In his Rule 37 Petition, he argued that his trial counsel rendered ineffective assistance. *Resp't Ex. C, at 6-8, 12-15*.

After conducting an evidentiary hearing on the Rule 37 claims, the trial court entered an order denying relief on the ground that trial counsel was not ineffective. *Id. at 18-21, 27-69*. Petitioner appealed to the Arkansas Supreme Court. *Resp't Ex. D1*. On October 6, 2011, it affirmed the denial of Rule 37 relief. *Rhodes v. State*, 2011 Ark. 409 (*Rhodes II*).

On December 13, 2011, Petitioner initiated this habeas action, arguing that:

    (1)    his trial counsel was ineffective based on his failure to:

        (a)    object to the prosecutor's closing argument during the sentencing phase of his trial;

        (b)    adequately prepare two defense witnesses prior to their trial testimony;

        (c)    present evidence that Petitioner was out of state at the time of the alleged assault of S.M., and adequately prepare Petitioner for his trial testimony; and

    (2)    the trial court erred in denying his motion for mistrial made during the sentencing phase of his trial.

For the reasons discussed below, the Court recommends that all of Petitioner's

---

²This Rule 37 Petition was filed by Petitioner's new attorney.

claims be denied.

## II. Discussion

### A. Petitioner's Ineffective Assistance of Counsel Claims

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court articulated the two-part standard for analyzing claims that a criminal defendant's counsel was constitutionally ineffective: first, was the attorney's conduct professionally unreasonable under the circumstances; and second, did the attorney's conduct prejudice the defendant's defense. *Id.* at 688. An attorney's performance is deficient when it falls below "an objective standard of reasonableness." *Id.* The defendant is prejudiced by the inferior performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### 1. Trial Counsel's Alleged Failure to Challenge Prosecutor's Closing Argument

Petitioner contends that his trial counsel was ineffective for "failing to object or move for a mistrial" after the prosecutor urged the jury to impose a sentence of "twenty years, ten for each girl." *Doc. #1-1, at 5*. Respondent argues that this claim

is without merit and refuted by the record.[3]

According to the trial transcript, the prosecutor made the remark at the end of his closing argument in the sentencing phase of the trial. *Resp't Ex. A. at 339.* As the jury was leaving the courtroom to deliberate, defense counsel moved for a mistrial, stating: "Basically, he's asking for the jury to impose a verdict with respect to the incident involving [S.M.]. He wasn't even on trial for her today. So I would ask for a mistrial on that." *Id. at 340.* The trial judge stated that he would not grant a mistrial but, if defense counsel requested, he would instruct the jurors to "disregard that comment and tell them why." *Id.* Counsel argued that an instruction would be ineffective because the jury had already been sent out and "the bell has been rung." *Id. at 340-41.* The court reiterated that he would not grant a mistrial on the issue, and defense counsel asked the court to "note [his] exception." *Id. at 341.*

The jury was then called to the courtroom, and the court issued the following instruction:

> I apologize, ladies and gentlemen. There was an objection made as you were leaving the courtroom to the Court about the last comment or argument [the prosecutor] made about asking for a longer sentence because of allegedly two victims. I'm going to instruct you to disregard

---

[3]Because the claim is without merit, the Court need not address Respondent's alternative argument that the claim is procedurally defaulted due to Petitioner's failure to present it in his Rule 37 proceedings. *See Trussell v. Bowersox*, 447 F.3d 588, 590-91 (8th Cir. 2006) (because procedural default is not a jurisdictional bar to federal habeas review, it can be bypassed "in the interest of judicial economy").

> that argument, and here's the reason why just so you know where, why I'm sustaining the objection.
>
> We're only having one trial here today, and he should be punished based upon that, not because there are two victims in this case. Now, in considering the seriousness of the punishment, you may consider the fact that there's an allegation that he has committed another offense. Whether or not you find that to be true is a matter for your determination. It's an appropriate consideration if you should find it to be true, but not because there are two victims is what I'm saying. There's another trial to be had in this case.
>
> With that instruction, I'll dismiss you from the courtroom.

*Id.* at 341-42.

In his direct appeal, Petitioner argued that the trial court erred in denying the motion for mistrial because the court's instruction did not remove the prejudicial effect of the prosecutor's comment. The Arkansas Court of Appeals rejected that argument:

> Mistrial is an extreme remedy that should be used only when the error is beyond repair and cannot be corrected by any curative relief. A circuit court's decision to grant or deny a mistrial will not be disturbed absent a showing of an abuse of discretion. An admonition is the proper remedy where the assertion of prejudice is highly speculative.
>
> Appellant suffered no prejudice that would warrant a mistrial. *The fifteen-year-old girl's testimony that she had also been raped by appellant was admitted in the guilt phase of the trial without objection, and it was clearly admissible during the penalty phase as relevant evidence of appellant's character.* Therefore, the prosecutor's argument did not present the jury with any new allegations or facts, but simply contained an erroneous statement of law regarding the manner in which that evidence could be considered for purposes of sentencing. The trial

court's admonition was even-handed and clear, and we hold that it was sufficient to remove any possible prejudice from the argument.

*Rhodes I*, 281 S.W.3d at 759-60 (citations omitted; emphasis added).

Based on this record, there is no merit to Petitioner's claim that his counsel was ineffective in the way he responded to the prosecutor's remark during his closing argument. Contrary to Petitioner's assertions, his trial counsel unquestionably made a timely motion for a mistrial after the prosecutor made the improper remark. The trial court denied the motion, but agreed that the comment was improper, sustained counsel's objection, and said the jury would be instructed to disregard the comment. Counsel continued to argue that any admonishing instruction would not be effective. After the court restated his ruling, counsel asked that his exception be noted. Thus, he preserved the issue for appeal, where it was fully argued and addressed. Under these circumstances, trial counsel's conduct clearly was not objectively unreasonable under *Strickland*.

Accordingly, Petitioner's first ineffective-assistance claim is without merit and should be dismissed.

### 2. Trial Counsel's Alleged Failure to Prepare Defense Witnesses

Petitioner alleges that his trial counsel failed to sufficiently prepare two defense witnesses for their trial testimony: (1) Petitioner's uncle; and (2) K.V., one of the victim's schoolmates. *Doc. #1-1, at 6-8*. According to Respondent, because this claim

-9-

was "reasonably adjudicated" by the Arkansas Supreme Court in Petitioner's Rule 37 proceedings, it does not fit within any of the three narrow exceptions that allow a federal court to consider such a claim in a § 2254 habeas action.[4]

At the Rule 37 hearing, Petitioner's uncle testified that he met with Petitioner's counsel for only two or three minutes before his trial testimony and did not feel prepared to testify. However, he went on to testify that his trial testimony would *not* have been any different if he had met with counsel for a longer period of time. *Resp't Ex. C, at 33, 35.*

Similarly, K.V. testified at the Rule 37 hearing that, while she only met with Petitioner's defense counsel "right before court," her testimony would have been the same if they had met longer. *Id. at 39, 42.*

The Arkansas Supreme Court categorically rejected Petitioner's argument that his trial counsel failed to adequately prepare these two witnesses to testify:

> [B]oth witnesses testified that their [trial] testimony would not have changed if they had spent more time with defense counsel. Considering

---

[4] Where a state court has previously adjudicated a claim on the merits, a federal habeas court may grant habeas relief for the same claim in only three limited situations: where the state court adjudication (1) was "contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) "involved an unreasonable application" of clearly established federal law, *id.*; or (3) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). Petitioner does not challenge any of the *factual* determinations made by the state courts in resolving his claims, thus the decisions are evaluated under § 2254(d)(1).

> this testimony, appellant failed to demonstrate how he was prejudiced by the amount of time that defense counsel spent with these witnesses. When a petitioner fails to demonstrate any prejudice, the Sixth Amendment question is decided against him. *Strickland*, 466 U.S. at 695.

*Rhodes II*, *supra* at *4.

Because the Arkansas Supreme Court adjudicated this ineffective-assistance claim *on the merits*, this Court can grant relief only if that decision is contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). Because the Arkansas Supreme Court correctly recited and applied *Strickland*'s two-part test to Petitioner's claims, its decision was not "contrary to" the governing United States Supreme Court precedent.

Thus, the only remaining question is whether the Arkansas Supreme Court's application of the *Strickland* standard was "reasonable," *i.e.*, "whether there is 'any reasonable argument' that the state court's judgment is consistent with *Strickland*." *Williams v. Roper*, 695 F.3d 825, 831-32 (8th Cir. 2012) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011)).[5] In light of the testimony of both witnesses that their trial testimony would have been the same if they had spent more time with

---

[5]For purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Harrington*, 131 S. Ct. at 785. "Surmounting *Strickland*'s high bar [for evaluating ineffective-assistance claims] is never an easy task," and "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Id.* at 788 (citations omitted). The standards created by *Strickland* and § 2254(d) "are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Id.*

defense counsel, the Arkansas Supreme Court reasonably concluded that Petitioner failed to establish, under the *Strickland* standard, that he was prejudiced by the alleged deficiencies of counsel.

Accordingly, Petitioner's second ineffective-assistance claim is without merit and should be dismissed.

### 3. Trial Counsel's Alleged Failure to Present Evidence Supporting Petitioner's Alibi Defense and to Prepare Petitioner for Trial

Petitioner alleges that he provided his attorney with paycheck stubs and a letter from his employer to prove that he was living in St. Louis when the alleged assault of S.M. occurred. He contends that this evidence would have proven that S.M. was lying. He alleges that his trial attorney: (1) never discussed with him how to get that evidence before the jury; (2) was not prepared to get the evidence admitted; and (3) was "taken by surprise" when the trial court ruled that the paycheck stubs were inadmissible hearsay.

Petitioner also contends that he felt unprepared for his trial testimony because he had met with trial counsel on only two occasions prior to trial, once at counsel's office and the other at the courthouse. *Doc. #1-1, at 6-10.*

Respondent argues, because both aspects of this claim were "reasonably adjudicated" by the state courts in Petitioner's Rule 37 proceedings, it does not provide a basis for federal habeas relief.

The Arkansas Supreme Court rejected, on the merits, Petitioner's claim that counsel failed to present evidence supporting his St. Louis "alibi defense":

> [W]ith regard to appellant's contention that defense counsel did not anticipate a hearsay objection to his paycheck stubs, we agree with the circuit court that the location of appellant's employment did not preclude him any access to [another alleged] sexual-assault victim, S.M. S.M. testified that she was sexually assaulted by appellant in 2002 or 2003 when she was fifteen years old. Appellant argued that he was employed and lived in St. Louis at that time. However, the jury was free to believe that appellant committed the offenses during a visit [to Arkansas] when he had access to S.M. Thus, appellant failed to carry his burden of proving deficient conduct and prejudice, the two necessary requirements of the *Strickland* test.

*Rhodes II*, *supra* at *4. In reaching its decision, the Arkansas Supreme Court reasonably applied the *Strickland* standard to conclude that: (1) trial counsel was not deficient in failing to present additional evidence about Petitioner's employment in St. Louis; and (2) Petitioner was not prejudiced by any alleged deficiencies in his attorney's performance of his duties.

Importantly, Petitioner's St. Louis "alibi" went only to the issue of whether he had sexually assaulted one of the state's witnesses, S.M., one or two years *before* his alleged rape and sexual assault of the victim, K.T., the actual offenses for which he was being prosecuted. Thus, if Petitioner's alibi evidence had been admitted, it could only have been used to impeach S.M.'s testimony.[6] It would have in no way refuted

---

[6]As impeachment evidence, Petitioner's St. Louis "alibi" is, at best, weak. S.M. testified that the alleged assault occurred on a weekend, and both Petitioner and his uncle

the state's other evidence, including the victim's testimony, that he raped and sexually assaulted her.

Arkansas courts also reasonably adjudicated Petitioner's general claim that his attorney failed to adequately prepare him for his trial testimony. In his Rule 37 proceedings, Petitioner alleged no specific deficiencies other than counsel's failure to develop his St. Louis alibi defense. The trial court found that, aside from that specific claim, Petitioner "totally failed to show in any regard by either his petition or the facts proved that [trial counsel] was in any way ineffective within the *Strickland v. Washington* test." *Resp't Ex. C, at 20.* Based on the record, the state court reasonably concluded that Petitioner failed to show deficient performance, or prejudice, under the *Strickland* test.

Accordingly, Petitioner's third ineffective-assistance claim is without merit and should be dismissed.[7]

### B. Petitioner's Claim That the Trial Court Erred in Denying His Motion for Mistrial Based on Prosecutorial Misconduct

Finally, Petitioner argues that, during the sentencing phase of his trial, the

---

testified that he returned to Arkansas some weekends when he lived in St. Louis.

[7]In his Reply, Petitioner also argues that he is entitled to habeas relief due to the "accumulation of errors" by his trial counsel. *Doc. #19, at 1-2.* The Eighth Circuit has repeatedly recognized that "the cumulative effect of alleged trial counsel errors is not grounds for granting habeas relief." *Middleton v. Luebbers*, 455 F.3d 838, 851 (8th Cir. 2006). Accordingly, this claim also is without merit and should be dismissed.

prosecutor's "very prejudicial" remark that the jury should sentence Petitioner to "twenty years, ten for each girl," could only be cured by the trial court granting his motion for a mistrial – *not* simply admonishing the jury to "disregard" the prosecutor's remark. *Doc. #19, at 2-3.*

As a threshold matter, Petitioner cannot predicate a federal habeas claim solely on the trial court's denial of his motion for mistrial, which if proven to be erroneous would amount to an error of state law. The habeas statute "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (quoting 28 U.S.C. § 2254(a)). The United States Supreme Court has held many times that "federal habeas corpus relief does not lie for errors of state law." *Id.* (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).

Finally, even if Petitioner has stated a viable § 2254 habeas claim, it fails on the merits.

As previously discussed, the Arkansas Court of Appeals considered this claim of trial court error in Petitioner's direct appeal, and rejected it, holding that the trial court's "even-handed and clear" admonition to the jury "was sufficient to remove any possible prejudice" from the prosecutor's remark. *Rhodes I*, 281 S.W.3d at 760.

Similarly, in light of the trial court's instructions,[8] the prosecutor's comment did not deprive Petitioner of a fair trial in violation of due process. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (in considering whether a prosecutor's improper statements violated a defendant's right to a fair trial, the relevant question is whether the comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process"); *Richardson v. Marsh*, 481 U.S. 200, 211 (1987) ("juries are presumed to follow [the court's] instructions"). Thus, the Arkansas Court of Appeals' adjudication of this claim was not contrary to or an unreasonable application of any federal law.

Accordingly, Petitioner's final claim is without merit and should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2254 Petition

---

[8] Not only did the trial court instruct the jury to disregard the remark and base its punishment on one victim, the court also instructed the jury: (1) to "accept and follow" the law as set forth in the court's instructions; (2) that closing arguments or remarks by the attorneys were not evidence and were made "only to help you in understanding the evidence and applicable law"; and (3) to disregard any remark "having no basis in the evidence." *Resp't Ex. A, at 275-76*. In addition, in setting forth the elements of the charges being tried, the court referred only to the charges against K.T. *Id. at 279-81. See Underdahl v. Carlson*, 462 F.3d 796, 800-01 (8th Cir. 2006) (no due process violation where trial court told the jury that the prosecutor's remark about other alleged bad acts was improper, and instructed the jury to convict only if they found the defendant committed the crimes at issue).

for a Writ of Habeas Corpus, *Doc. #1*, be DENIED, and this case be DISMISSED, WITH PREJUDICE.

IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED THIS 10th DAY OF October, 2013.

_____
UNITED STATES MAGISTRATE JUDGE